JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 13-6595- GAF; CR 00-1095 GAF | Date | February 5, 2014 |
|---|---|---|---|
| Title | Michael Roberts, aka Kedrin Kizzee v. R. Phillip Guttierez | | |

| Present: The Honorable | **GARY ALLEN FEESS** | | |
|---|---|---|---|
| Stephen Montes Kerr | None | | N/A |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |
| None | | None | |

**Proceedings:**     **(In Chambers)**

### ORDER RE: PETITION PURSUANT TO 28 U.S.C. § 2241

The current petition challenges the computation of custody credits in this case. Petitioner contends that he is entitled to credit for the period between February 22, 2000 to January 7, 2003 (1,040 days) he served prior to the commencement of his federal sentence in this case. Petitioner bases his argument on the recent Supreme Court decision in Setser v. United States, 132 S.Ct. 1463 (2012) and 18 U.S.C. §§ 3553(a) & 3568. The record before the Court is clear and requires no evidentiary hearing. For the reasons discussed below, the petition is **DENIED**.

### A. FACTUAL BACKGROUND

Petitioner's relevant criminal history is set out in detail in the Government's opposition to the petition and the Court will only briefly summarize it here. In 1997, while on parole in another case, Petitioner was convicted of two felonies: false imprisonment and evading when he forced his way into a home after a high speed chase and held the residents hostage. In November 1998, after serving 12 months for a parole violation, he was taken into custody on the false imprisonment and felony evading in Case No. FWV 14167 and released on bond. While on bond, he was arrested on narcotics trafficking charges in another state case in February 2000. On February 28, 2000, he was sentenced to five years, four months in state prison and given 372 days credit for local time served, which included the time spent in custody on the parole

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 13-6595- GAF; CR 00-1095 GAF | Date | February 5, 2014 |
|---|---|---|---|
| Title | Michael Roberts, aka Kedrin Kizzee v. R. Phillip Guttierez | | |

revocation. On March 3, 2000, he escaped from custody, but was caught the next day. This episode led to charges being filed in FSB 015752. On June 2, 2000, he was sentenced to two years state prison and given credit for 91 days time served in that case.

On March 16, 2001, Petitioner was transferred to the custody of the United States Marshals Service in his federal case, which arose out of his February 2000 narcotics trafficking activities. He was released on parole from his state sentences on January 7, 2003, to the exclusive custody of federal authorities. In short, he was given credit on his state sentences through that date.

On July 24, 2003, he was sentenced in the federal case to a total of 360 months in custody on multiple drug charges. The total sentence was later reduced to 288 months. At no time did the Court order that the federal sentences run concurrently to Petitioner's state sentence.

The Bureau of Prisons awarded Petitioner 197 days credit for the period between January 8, 2003, to the date of sentence on July 24, 2003. Petitioner was given no credit for the time served prior to January 8.

## B. DISCUSSION

Petitioner claims that he is entitled to federal credit for the 1,040 days served from February 22, 2000 through January 7, 2003. He has exhausted his administrative remedies and the matter is properly before this Court.

Petitioner claims credit pursuant to 18 U.S.C. §§ 3553(a) and 3568. The Court notes that Section 3553(a) has nothing to do with the issue before the Court and merits no discussion. Moreover, as the Government observes, Section 3568 was repealed in 1984 when the Sentencing Reform Act was passed and has no application in this case, which involves conduct commencing in the year 2000. The motion must therefore be analyzed under the governing statute – 18 U.S.C. § 3585. That statute, in its entirety, provides:

> (a) Commencement of sentence. --A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at,

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-6595- GAF; CR 00-1095 GAF | Date | February 5, 2014 |
|---|---|---|---|
| Title | Michael Roberts, aka Kedrin Kizzee v. R. Phillip Guttierez | | |

the official detention facility at which the sentence is to be served.

(b) Credit for prior custody. --A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
    (1) as a result of the offense for which the sentence was imposed; or
    (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

***that has not been credited against another sentence.***

(Emphasis added.) The highlighted language emphasizes that a defendant cannot receive double credit for any time served. United States v. Wilson, 503 U.S. 329, 337 (1992). The statutory language is clear, as the Supreme Court noted in Wilson, and makes resolution of this issue very straightforward: Petitioner received state credit for the time served from February 22, 2000 through January 7, 2003 which therefore precludes an award of credit against his federal sentence.

Setser does not require a different result. Setser addressed the authority of the district court to order that a federal sentence run concurrently with an anticipated state sentence, but did not speak to the question of awarding credit for time previously served and credited toward a state sentence. Setser contains no language questioning the meaning of the language of Section 3585(b) or suggesting disagreement with the reasoning of Wilson.

**C. CONCLUSION**

The petition is **DENIED** and the case is ordered **DISMISSED**.

**IT IS SO ORDERED.**